[Cite as *Useni v. Useni*, 2026-Ohio-2771.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| JOYCE USENI, | CASE NO. 2025-L-148 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| OSMAN USENI, | |
| Defendant-Appellant. | Trial Court No. 2024 DR 000509 |

## OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Affirmed

*John S. Salem*, Denman & Lerner Co., L.P.A., 8039 Broadmoor Road, Suite 1490, Mentor, OH 44060 (For Plaintiff-Appellee).

*Nicole A. Cruz* and *Kelley R. Tauring*, Stafford Cruz Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Osman Useni, ("husband") appeals the order denying his motion to set aside a magistrate's order which required the parties to sell certain real property. We affirm.

{¶2} In 2024, appellee, Joyce Useni, ("wife") filed a complaint for divorce against husband. Shortly thereafter, the trial court issued asset and financial restraining orders. While the complaint was pending, on August 10, 2025, wife moved to list the parties' marital residence for sale. In support, wife alleged that "despite the existing court orders and [husband]'s exclusive occupancy of said residence, a Foreclosure for non-payment

of the mortgage has recently been filed in Lake County Court of Common Pleas, Case No. 25CF001335, filed July 25, 2025."

{¶3} On August 25, 2025, husband filed a response in opposition to the motion, contending that wife's motion failed to establish that a pre-decree sale of the marital residence was equitable or necessary, and he indicated that he had been "working with the bank to ensure that the property is not lost in a foreclosure."

{¶4} Thereafter, following a pretrial before a magistrate, the magistrate issued an order holding wife's motion for sale of the property in abeyance until such time as she filed a motion to again bring it forward for the court's consideration.

{¶5} On October 7, 2025, wife filed a renewed motion to list the property for sale, alleging that the foreclosure action was still pending and that husband had taken no steps to list or refinance the property to bring the mortgage current. Wife further alleged that "recent facts have surfaced showing [husband]'s extreme financial misconduct," and she attached an affidavit in support. In her affidavit, wife averred that she had reviewed documents obtained by her attorney through discovery in this matter, from which she learned that husband had made significant withdrawals from his retirement and employee savings accounts. Wife maintained that these withdrawals were made without her knowledge or consent, and husband had not accounted for the withdrawals in the financial affidavits filed with the court. With respect to the purported financial misconduct, wife also filed motions for a distributive award and to show cause as to why husband should not be held in contempt of the court's financial restraining orders.

{¶6}   Thereafter, the magistrate issued an order that the motion for a distributive award would be considered at the final disposition. The magistrate also ordered husband to appear and show cause as to why he should not be held in contempt.

{¶7}   On October 21, 2025, husband requested an extension of time to file a brief in opposition to wife's renewed motion to sell the marital residence and motion for a distributive award. On October 23, 2025, the magistrate granted husband a seven-day extension to submit his brief. However, the brief was not filed until November 3, 2025. On wife's motion, the court struck husband's brief as untimely.

{¶8}   On November 12, 2025, the magistrate issued an order granting wife's motion for the sale of the marital residence and ordering that "[t]he net proceeds from the sale of the residence shall be held in escrow, until further order of court."

{¶9}   On November 24, 2025, husband moved to set aside the magistrate's order, arguing that the order was improper because the magistrate had not held a hearing on the motion, and the magistrate's order "fail[ed] to make any findings of fact, address any of the mandatory statutory factors, or consider the equity in mandating the sale of marital property."

{¶10}  On December 8, 2025, the court overruled husband's motion to set aside. Husband noticed an appeal of this order on December 26, 2025.[1]

{¶11}  In his sole assigned error, husband argues:

---

1. We note that an order for a pre-decree sale of a marital residence in a divorce action is a final, appealable order pursuant to R.C. 2505.02(B), as it is an order that affects a substantial right made in a special proceeding. *Zinsmeister v. Gillen-Zinsmeister*, 2024-Ohio-938, ¶ 13 (10th Dist.), *appeal not allowed*, 2024-Ohio-2576; *Alman v. Alman*, 2017-Ohio-8659, ¶ 6 (8th Dist.). *But see Ware v. Ware*, 2008-Ohio-6670, ¶ 10 (5th Dist.) (holding that an order that the parties sell the marital home and contents was a temporary order subject to modification and not immediately appealable).

Case No. 2025-L-148

{¶12}   "The trial court erred as a matter of law and abused its discretion by granting the appellee's pre-decree motion to sell marital residence."

{¶13}   "We review a trial court's pre[-]decree order of sale of a marital residence for an abuse of discretion." *Perozeni v. Perozeni*, 2023-Ohio-1140, ¶ 27 (8th Dist.), citing *Malik v. Malik*, 2018-Ohio-4901, ¶ 16 (8th Dist.). "'The term "abuse of discretion" is one of art, "connoting judgment exercised by a court, which does not comport with reason or the record."'" *Willoughby v. Willoughby*, 2014-Ohio-743, ¶ 24 (11th Dist.), quoting *In re V.M.B.*, 2013-Ohio-4298, ¶ 26, quoting *State v. Underwood*, 2009-Ohio-2089, ¶ 30 (11th Dist.), citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶14}   Relevant to this issue, R.C. 3105.171(J) provides:

> The court may issue any orders under this section that it determines equitable, including, but not limited to, either of the following types of orders:
>
> (1) An order granting a spouse the right to use the marital dwelling or any other marital property or separate property for any reasonable period of time;
>
> (2) An order requiring the sale or encumbrancing of any real or personal property, with the proceeds from the sale and the funds from any loan secured by the encumbrance to be applied as determined by the court.

{¶15}   Here, husband argues that the trial court erred in overruling his motion to set aside the magistrate's order to sell the real property because no evidence was heard and no findings were made to justify the sale under R.C. 3105.171(F).

{¶16}   However, R.C. 3105.171(F) lists the factors that the trial court must consider in "making a division of marital property and determining whether to make and the amount of any distributive award . . . ." In the present case, a final division of property has not yet

Case No. 2025-L-148

been ordered. Instead, the magistrate ordered that the proceeds from the sale be held in escrow and that wife's motion for a distributive award be considered at final hearing.

{¶17} Further, as set forth above, wife sought an order for a sale of the property based, in part, on the pending foreclosure action relevant to the property. In wife's answer brief on appeal, she maintains that "[i]n this case, not only will the sale of the home and escrow of the proceeds protect the marital asset for the parties, but it will avoid the pending foreclosure case which, if successful, will place the marital asset in the hands of a third party." Husband has not disputed the existence of the pending foreclosure action, the docket for which is readily accessible on the internet. See *State v. Estridge*, 2022-Ohio-208, fn.1 (2d Dist.) ("it is a common practice for appellate courts to take judicial notice of public[ly] accessible online court dockets"). Husband has failed to demonstrate that the trial court acted unreasonably or otherwise abused its discretion in denying his motion to set aside the magistrate's order granting the sale of the property.

{¶18} Accordingly, husband's sole assigned error lacks merit.

{¶19} The judgment is affirmed.


MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-L-148

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's sole assignment of error lacks merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

Costs to be taxed against appellant.

_____
JUDGE EUGENE A. LUCCI

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-148